FILED

APR 19 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-Filed on 4/19/06

19

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTIAN R. WILLIAMS, | ) | No. C 03-5158 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| SHERIFF DONALD HORSLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a pro se civil detainee pursuant to California's Sexually Violent Predators Act (Cal. Welf. & Inst. Code § 6600, et seq. ("SVPA")), filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's claims concern the conditions of confinement while he was a civil detainee at the San Mateo County Jail. Plaintiff alleges that defendants have failed to comply with the material provisions of the SVPA, applicable California Welfare and Institutions Codes, and the state and federal constitution. Plaintiff also claims that the defendants' policies, practices and customs resulted in punitive conditions of confinement in violation of his constitutional rights. The court now reviews plaintiff's amended complaint pursuant to 28 U.S.C. § 1915.

\\\

**DISCUSSION**

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which the plaintiff is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2).  The court must dismiss the action if at any time it determines that the allegations of poverty in the in forma pauperis application are untrue, the action is frivolous or malicious, the action fails to state a claim, or the plaintiff seeks monetary relief from a defendant who is immune. <u>Id.</u> Pro <u>se</u> pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. <u>Leer</u>, 844 F.2d at 633; <u>Robins v. Meecham</u>, 60 F.3d 1436, 1442 (9th Cir. 1995).

B.    <u>Legal Claims</u>

Plaintiff was held in the county jail for a trial on whether he should be involuntarily committed pursuant to California's Sexually Violent Predator Act. Plaintiff's amended complaint sets forth ten claims alleging violations of his civil rights. Plaintiff's claims fail at the outset because plaintiff does not set forth specific facts showing how each defendant proximately caused a constitutional deprivation.  For a claim to be cognizable, a plaintiff must "set forth specific facts as to each individual

1  defendant's deprivation of protected rights.  Leer, 844 F.2d at 634.  But here, plaintiff

2  makes general, conclusory allegations against all defendants without explaining exactly

3  the dates of when the alleged violations occurred, what happened, how it happened, or the

4  actions of each individual involved.  As such, the complaint does not state a cognizable

5  claim against any of the defendants.

6        Furthermore, the complaint does not meet the requirement of Federal Rule of Civil

7  Procedure 8(a) that the complaint set forth "a short and plain statement of the claim

8  showing that the pleader is entitled to relief."  It is generalized and lacking in detail that

9  requiring defendants to attempt to frame a response to it would be unfair.  The lack of

10  detail also prevents the court from determining whether the complaint warrants service on

11  defendants.  Plaintiff must identify who subjected him to the alleged unconstitutional

12  conduct, when it occurred, and provide details as to the specific actions of each individual

13  defendant named in his complaint.

14        Plaintiff must allege facts supporting each claim separately in his amended

15  complaint showing his entitlement to relief from the defendants.  For example, if plaintiff

16  wants to claim that the food served was in violation of some constitutional right he has,

17  he should describe what the food was, when it was served to him, describe how the

18  defendants became aware of its alleged unsanitary character, describe what the defendants

19  did or failed to do, and describe how each defendant's acts or omissions caused him

20  injury.  Plaintiff must be careful to allege facts showing the basis for liability for each

21  individual defendant.  He should not refer to the defendants as a group, i.e., "the

22  defendants;" rather, he should identify each involved defendant by name and link each of

23  them to a specific claim by explaining what each defendant did or failed to do that caused

24  a violation of his constitutional rights.

25        Two of the claims set forth in the complaint involve ex post facto and double

26  jeopardy claims.  In Kansas v. Hendricks, 521 U.S. 346 (1997), the United States

27  Supreme Court, in discussing the ex post facto and double jeopardy implications of a

28  sexual predator statute similar to California's, concluded that the statute did not institute

1  "criminal proceedings." Id. at 369-71.  That being the case, no double jeopardy or ex post

2  facto considerations are presented in the instant case.  Id.  Accordingly, plaintiff's seventh

3  and eighth claims are DISMISSED with prejudice.

4       Plaintiff's third claim alleging a violation of the Eighth Amendment is also

5  dismissed with prejudice, as the Eighth Amendment applies only to convicted criminals.

6  See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).  When an individual subject to a civil

7  commitment challenges the conditions of his confinement, the proper inquiry is whether

8  the conditions amount to punishment in violation of the Due Process Clause of the

9  Fourteenth Amendment.  Youngberg v. Romeo, 457 U.S. 307, 315-16 (1982).

10       As to plaintiff's claims against the San Mateo County Board of Supervisors, San

11  Mateo County Manager John Maltbie and Sheriff Donald Horsley, plaintiff is cautioned

12  that there is no respondeat superior liability under Section 1983, i.e. no liability under the

13  theory that one is responsible for the actions or omissions of an employee.  Liability under

14  section 1983 arises only upon a showing of personal participation by the defendant.

15  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may be liable under

16  section 1983 upon a showing of (1) personal involvement in the constitutional deprivation

17  or (2) a sufficient causal connection between the supervisor's wrongful conduct and the

18  constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.

19  1991) (en banc) (citation omitted).

20       Similarly, members of a governing board cannot be held vicariously liable under

21  42 U.S.C. § 1983 for conduct by employees.  Weisbuch v. County of Los Angeles, 119

22  F.3d 778, 781-82 (9th Cir. 1997).  Personal participation in violating the plaintiff's

23  constitutional rights must be alleged.  See id.  Allegations that members failed to overrule

24  the unconstitutional discretionary acts of subordinates are not enough.  See id.; Gillete v.

25  Delmore, 979 F.2d 1342, 1348 (9th Cir. 1992).

26       Plaintiff will be given leave to amend the amended complaint to cure these

27  deficiencies.  Accordingly, the court grants plaintiff leave to file a second amended

28  complaint within **thirty days** of the date this order is filed to include sufficient facts to

1  support his claim against each individual defendant and the alleged constitutional

2  violations he suffered.

3                                    **CONCLUSION**

4       1.     Plaintiff's third (Eighth Amendment), seventh (ex post facto), and

5  eighth (double jeopardy) claims are DISMISSED as to all defendants without leave to

6  amend.

7       2.     Plaintiff's remaining claims against all defendants are DISMISSED

8  WITH LEAVE TO AMEND.

9       3.     Plaintiff's amended complaint is hereby DISMISSED with leave to

10 amend, as indicated above, within **thirty days** from the date of this order.  The second

11 amended complaint must include the caption and civil case number used in this order (03-

12 5158 RMW (PR)) and the words "SECOND AMENDED COMPLAINT" on the first

13 page.  Because a second amended complaint completely replaces the original complaint,

14 plaintiff must include in it all the claims he wishes to present.  See Ferdik v. Bonzelet,

15 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992).  Plaintiff may not

16 incorporate material from the amended complaint, such as supporting documentation or

17 exhibits, by reference.  Plaintiff must include all documentation and supporting

18 information with the second amended complaint.  **Failure to amend within the**

19 **designated time will result in the dismissal of the complaint without prejudice.**

20      4.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

21 court informed of any change of address by filing a separate paper with the clerk headed

22 "Notice of Change of Address."  He must comply with the court's orders in a timely

23 fashion or ask for an extension of time to do so.  Failure to comply may result in the

24 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

25      IT IS SO ORDERED.

26 DATED: _4/15/06_                    _Ronald M. Whyte_
                                       RONALD M. WHYTE
27                                     United States District Judge

28

1   This is to certify that on _____4\19\06_____, a copy of this ruling
    was mailed to the following:

2

3   Christian R. Williams
    AT/510735
4   Atascadero State Hospital
    10333 El Camino Real, Unit 32
5   P.O. Box 7001
    Atascadero, CA  93423-7001
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal With Leave to Amend
P:\pro-se\sj.rmw\cr.03\Williams158dwlta