*E-FILED - 9/29/08*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTIAN R. WILLIAMS, | No. C 03-5158 RMW (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| COUNTY OF SAN MATEO, et al., | |
| Defendants. / | (Docket No. 39) |

**INTRODUCTION**

Plaintiff filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the San Mateo Sheriff's Department and the County of San Mateo mistreated him during his civil detention in violation of his constitutional rights.[1] Compl. at 1.[2]

Defendants move for summary judgment, alleging that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Defs.' Mot. for Summ.

---

1. The sole remaining defendants are the County of San Mateo and the Sheriff of San Mateo County.

2. The operative complaint, which is the one cited in this order, is in fact plaintiff's second amended complaint.

Order Granting Defendant's Motion for Summary Judgment
G:\Pro-Se\SJ.RMW\CR.03\Williams158.msj.md

J., P. & A. ("MSJ") at 1. Plaintiff has filed an opposition.

After a review of the record, the court concludes that plaintiff has not shown evidence that precludes summary judgment. Accordingly, the court GRANTS defendant's motion for summary judgment as to all claims, which, along with the complaint, are hereby DISMISSED WITH PREJUDICE.

## BACKGROUND

Plaintiff is a sexually-violent predator who was (and remains) civilly-committed after serving his sentences for convictions of sodomy and oral copulation on minors. MSJ at 2 n.2. Plaintiff's claims arise from his alleged mistreatment at the hands of his jailors during three stays during 2000-2001, 2002, and 2004 at the San Mateo County Jail's Maguire Correctional Facility. The alleged incidents include lengthy lockdown periods, strip searches, and the denial of access to visitors, the law library, the telephone, mental health and medical treatment, and sanitary clothing and food. Order of Service (Docket No. 29) at 4. Plaintiff's specific claims are that the defendants' policies and their failure to adequately train their employees resulted in acts that violated his (1) right to equal protection by subjecting plaintiff to more restrictive and punitive conditions than those experienced by other civil detainees; (2) Fourth Amendment rights by subjecting him to unreasonable searches and seizures, including by the use of physical restraints; (3) Eighth Amendment rights by subjecting him to restrictive and degrading conditions of confinement; (4) right to due process by violating his right to privacy and private communications with his legal personnel and by restricting his movements without advance written notice or an opportunity to be heard; and (5) First Amendment right to exercise his religion.[3] Compl. at 18-23. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive

---

3. The fifth claim stated in the second amended complaint is identical to the first and the court therefore consolidates the two claims. Likewise, the sixth and ninth claims in the second amended complaint are sufficiently similar to his fourth claim that the court consolidates these three claims.

Order Granting Defendant's Motion for Summary Judgment
G:\Pro-Se\SJ.RMW\CR.03\Williams158.msj.md          2

1  relief.  Id. at 23-26.

2  Defendants contend that plaintiff has failed to identify any individuals who were the
3  perpetrators of the alleged unconstitutional acts.  MSJ at 10.  Defendants also contend that
4  plaintiff has not offered evidence that the San Mateo Sheriff's Office's policies resulted in
5  the deprivation of plaintiff's constitutional rights.  Id. at 9.  Furthermore, defendants contend
6  that whatever the merit of plaintiff's allegations, "there simply was no feasible alternative
7  placement for [p]laintiff in the County other than the jail."  Id. at 10.  "It is this lack of a
8  feasible alternative placement, and not a desire to punish, that drives the constitutional SVP
9  confinement in San Mateo County."[4]  Id.

10 Plaintiff filed the instant federal action in 2003 and then filed an amended complaint
11 in 2004, which the court dismissed with leave to amend.  Plaintiff then filed a second
12 amended, and now operative, complaint.  The court dismissed two claims and issued to
13 defendants an order to show cause why the cognizable claims should not be granted.
14 Defendants filed an answer and a motion for summary judgment, in response to which
15 plaintiff has filed opposition.

**DISCUSSION**

**I.    Standard of Review**

18 Summary judgment is proper where the pleadings, discovery and affidavits
19 demonstrate that there is "no genuine issue as to any material fact and that the moving party
20 is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those
21 which may affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
22 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a
23 reasonable jury to return a verdict for the nonmoving party.  Id.

24 The party moving for summary judgment bears the initial burden of identifying those
25 portions of the pleadings, discovery and affidavits which demonstrate the absence of a

---

4. Defendants also contend that they are immune from suit and that plaintiff's action is barred by the statute of limitations.  MSJ at 10-11.  Because the court will dismiss the action on other grounds, it is not necessary to consider these offered defenses.

1  genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where
2  the moving party will have the burden of proof on an issue at trial, it must affirmatively
3  demonstrate that no reasonable trier of fact could find other than for the moving party. But
4  on an issue for which the opposing party will have the burden of proof at trial, as is the case
5  here, the moving party need only point out "that there is an absence of evidence to support
6  the nonmoving party's case." Id. at 325.

7  Once the moving party meets its initial burden, the nonmoving party must go beyond
8  the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that
9  there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with
10 disputes over material facts and "factual disputes that are irrelevant or unnecessary will not
11 be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is not the task of
12 the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91
13 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with
14 reasonable particularity, the evidence that precludes summary judgment. Id. If the
15 nonmoving party fails to make this showing, "the moving party is entitled to judgment as a
16 matter of law." Celotex Corp v. Catrett, 477 U.S. at 323.

17 **II.    Plaintiff's Claims**

18 Plaintiff alleges that defendants created and promulgated policies that resulted in the
19 unconstitutional acts of deliberate indifference committed by prison staff and officers.[5]
20 Compl. at 2, 8. Plaintiff also contends that defendants failed to adequately train their
21 employees. Id. at 2.

22 A prison official is deliberately indifferent under the Eighth Amendment if he knows

---

5. In plaintiff's opposition to the MSJ, he now contends that it was the lack of a policy, rather than an actual policy, that resulted in the allegedly unconstitutional acts. Pl's. Opp. at 3, 5. Though given in the form of an opposition, plaintiff actually seeks to amend his complaint, an act for which he has not sought or been granted leave. Furthermore, changing his contentions at this late stage in the proceedings does provide defendants with sufficient notice to effectively respond to plaintiff's new contentions. For these reasons, the court will not consider the new contentions plaintiff raises in his opposition.

Order Granting Defendant's Motion for Summary Judgment
G:\Pro-Se\SJ.RMW\CR.03\Williams158.msj.md            4

1  that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to
2  take reasonable steps to abate it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  To state a
3  claim under § 1983 for an Eighth Amendment or other constitutional violation, a plaintiff
4  must allege two essential elements:  (1) that a right secured by the Constitution or laws of the
5  United States was violated and (2) that the alleged violation was committed by a person
6  acting under the color of state law.  See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v.
7  Alameda County</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).  To defeat summary judgment,
8  sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific
9  facts as to each individual defendant's" actions which violated his or her rights.  <u>Leer v.
10 Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).  The requisite causal connection may be
11 established when an official sets in motion a "series of acts by others which the actor knows
12 or reasonably should know would cause others to inflict" constitutional harms.  <u>Preschooler
13 II v. Clark Co. Sch. Bd. of Trustees</u>, 479 F.3d 1175, 1183 (9th Cir. 2007) (citation removed).

14       In order to hold the county, the sheriff, and the other supervisors liable under § 1983,
15 plaintiff must show "(1) that he possessed a constitutional right of which he was deprived;
16 (2) that the [named defendants] had a policy; (3) that the policy 'amounts to deliberate
17 indifference' to [plaintiff's] constitutional right; and (4) that the policy is the 'moving force
18 behind the constitutional violation.'"  <u>Anderson v. Warner</u>, 451 F.3d 1063, 1070 (9th Cir.
19 2006) (citations removed).  There also must be a "direct causal link" between the policy or
20 custom and the injury, and plaintiff must be able to demonstrate that the injury resulted from
21 a "permanent and well settled practice."  <u>Id.</u>, citing <u>McDade v. West</u>, 223 F.3d 1135, 1141
22 (9th Cir. 2002).  A failure to train or supervise can amount to a "policy or custom" sufficient
23 to impose liability.  <u>City of Canton v. Harris</u>, 489 U.S. 378, 389-90 (1989).

24       Applying these principles to the instant action, the court concludes that plaintiff has
25 not provided sufficient evidence of a direct causal link between the officers and staff of San
26 Mateo County to any possible inadequate training or supervision nor has plaintiff identified
27 any specific policy that encourages or reflects "deliberate indifference" to plaintiff's rights.
28

Order Granting Defendant's Motion for Summary Judgment
G:\Pro-Se\SJ.RMW\CR.03\Williams158.msj.md     5

In short, plaintiff has failed to identify evidence that precludes summary judgment. Accordingly, the court will grant defendants' motion for the two following reasons. First, plaintiff has not shown that the named defendants actually participated in, or were otherwise responsible for, the alleged acts of retaliation. Rather, he contends that these persons are liable because they occupy supervisory roles. However, there is no "pure" respondeat superior liability for section 1983 claims. <u>Preschooler II</u>, 479 F.3d at 1182. Nor has plaintiff shown that defendants directed, participated in, or even knew of their subordinates' alleged acts, which is the only way in which supervisors may be liable for the acts of subordinates under section 1983. <u>Id.</u> Though he contends that the named defendants' policies and failure to supervise resulted in the alleged unconstitutional acts, plaintiff had not shown evidence that identifies specific policies created by the named defendants or particular instances of a failure to supervise that causally connect the acts of the named defendants to the staff and officers who allegedly harmed plaintiff in violation of his constitutional rights.

Second, even if plaintiff's had shown a causal connection, plaintiff's allegations regarding the underlying acts performed by the officers and staff of San Mateo County Jail are nearly all conclusory and are without sufficient detailed information, such as specific dates, times, places, persons. For example, plaintiff asserts in his complaint that "on numerous occasions [he] was denied adequate medical and mental health services, was denied an opportunity to see a doctor even after an order was issued by the Superior Court Judge in his civil procedures." Compl. at 16. This assertion lacks basic information, such as dates, times, places, names of actual persons, the date of the court order, what ailments or injuries plaintiff suffered from and for which he sought treatment. Plaintiff's other claims – regarding strip searches, poor food quality, and his lack of access to visitors, the law library, the telephone, Roman Catholic religious services – also lack specifics such as times, dates, and names of persons. Rather, he names their supervisors, the sheriff, and San Mateo County because they allegedly formulate the very policies that resulted, via their subordinates, in the constitutional deprivations. This is insufficient.

1       In his exhibits, plaintiff does provide some specific details, which are written in a
2  chronological list of dates, persons, and incidents.  As he states in his complaint, "[t]hese
3  incidents are described in greater detail by [p]laintiff in his attached and incorporated
4  [d]eclaration with a supporting [c]hronological [e]xhibit."  Compl. at 16.  These exhibits,
5  however, are not sufficient to preclude summary judgment.  First, plaintiff does not name the
6  persons listed in the chronological exhibits as defendants, but only their supervisors.  Second,
7  it is plaintiff's – not the court's – obligation to allege specific facts in his complaint that
8  indicate a triable issue that would preclude summary judgment.  Merely appending exhibits
9  to an undetailed complaint full of conclusory allegations is insufficient.  It is not the court's
10 duty to pick through plaintiff's exhibits to find which specific incidents plaintiff regards as
11 unconstitutional and then to formulate his allegations for him, a process ending in a result
12 that would be pure guesswork.
13      In his complaint, plaintiff does detail two specific incidents that the court will now
14 address.  Regarding the first incident, plaintiff alleges that in January 2001 prison guards
15 brought an inmate into plaintiff's cell who had been in a drunken driving accident.  Compl. at
16 12.  This inmate "had numerous cuts, bruises and scratches, bandaged at the hospital, but
17 within days the bandages were falling off due to excessive bleeding."  Id.  Plaintiff alleges he
18 was exposed to this blood, it having got onto common areas, such as the sink and toilet.  Id.
19 Plaintiff's concern turned to alarm when the inmate told him that he (the inmate) had a
20 history of "homosexual prostitution."  Id.  Plaintiff alleges that prison staff refused to clean
21 and sanitize the cell, despite plaintiff's repeated requests and that, as a result of plaintiff's
22 exposure, he ended up testing positive for Hepatitis B.  Id.  While this allegation contains
23 sufficient factual background for the court to determine what plaintiff is in fact alleging,
24 plaintiff's complaint makes it clear that plaintiff is not suing the officers in question, but
25 rather the officers' supervisors for an alleged failure to train and for promulgating policies
26 that result in unconstitutional incidents such as this one.  Because plaintiff has failed to
27 demonstrate that the named defendants are responsible for the offending officers' conduct,
28

1  the court must grant defendants' motion for summary judgment as to these claims.

2        Regarding the second incident, plaintiff alleges that in November 2000 prison guards
3  placed him in a holding cell with criminal inmates, even though plaintiff asked the officer to
4  place him in another cell. Id. at 16.  The eight criminal inmates in the holding cell overheard
5  someone – plaintiff does not state who – say that plaintiff was a civil detainee who had to be
6  held separately from criminal inmates. Id.  According to plaintiff, one of the eight inmates
7  attacked plaintiff, who, after the attack, asked the guards to take him for medical treatment,
8  but they refused. Id. at 17.  The guards, according to plaintiff, also refused to document the
9  incident. Id.  Plaintiff asserts that when, on the following day, he asked an unnamed deputy
10 sergeant to report the incident, the sergeant just smirked at him**.**  When plaintiff asked for the
11 sergeant's name, the officer "shoved [p]laintiff's face into his name badge twice, yelling,
12 'There!  Did you get the spelling right?" Id.  As with the preceding allegation, while this
13 claim contains sufficient factual background for the court to determine what plaintiff is in
14 fact alleging, plaintiff's complaint makes it clear that plaintiff is not suing the officer in
15 question, but rather their supervisors for an alleged failure to train or by creating and
16 promulgating policies that resulted in allegedly unconstitutional incidents such as this one.
17 Because plaintiff has failed to demonstrate that the named defendants are responsible for the
18 offending officer's conduct, the court must grant defendants' motion for summary judgment
19 as to this claim.  Furthermore, because plaintiff has been unable in three petitions to show
20 that triable issues of fact, the action is DISMISSED WITH PREJUDICE.

21 **CONCLUSION**

22     The court concludes that defendants are entitled to judgment as a matter of law as to
23 all claims.  Accordingly, defendants' motion for summary judgment (Docket No. 39) is
24 GRANTED.  All claims and the complaint are hereby DISMISSED WITH PREJUDICE.

25
26
27     The clerk shall terminate all pending motions, enter judgment, and close the file.
28

**IT IS SO ORDERED.**

DATED: 9/29/08

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge